# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | } | |
| | } | |
| v. | } | CRIMINAL ACTION NO. H-04-354 |
| | } | |
| John Buford Frazier, Jr. | } | |

## **O R D E R**

During argument on September 2, 2005, the court denied defendant John Buford Frazier Jr.'s ("Frazier") motion to dismiss the bond revocation proceedings against him. This opinion further explains that ruling.

Frazier pled guilty to being a felon in possession of a firearm. He was granted bond, and he is awaiting sentencing, currently scheduled for September 16, 2005. On August 22, 2005, U.S. Pre-Trial Services filed a petition to revoke Frazier's pre-trial release. The petition stated the following:

> The defendant was admitted to Bay Area Recovery for residential substance abuse treatment on July 20, 2005, after self admitting he began "drinking". On August 12, 2005, Day Area Recovery officials contacted this officer to advise the defendant had absconded from the facility on August 11, 2005, on or about 7:00 p.m..

The court issued a warrant for Frazier's arrest and scheduled a hearing on the matter. At that hearing, Frazier admitted the facts stated in the petition.

Frazier's motion to dismiss the bond revocation proceeding relies solely on a district court opinion from the Northern District of Texas. *See Def.'s Mot.* at 1, (*citing U.S.A. v. Herrera*, 29 F. Supp. 2d 756 (N. D. Tex. 1998) (dismissing bond revocation proceedings because petition for "revocation of release" was filed by U.S. Pre-trial Services rather than the U.S. Attorney's Office)). The *Herrera* decision was based on that court's finding that 18 U.S.C. 3148(b) is a exclusive grant of authority to the U.S. Attorney's office.

The relevant text from 18 U.S.C. 3148(b) is the following: "[T]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." The court finds that, despite the *Herrera* decision, this provision's language is permissive rather than mandatory. It vests discretion in the attorney for the government to initiate proceedings. It does not address who else may do likewise.

Although Pre-trial Services is not expressly empowered to initiate proceedings for the revocation of a release, that power can be inferred from other sections of the statute. For example, 18 U.S.C. 3154(5) empowers Pre-trial Services to "[I]nform the court and the United States attorney of all apparent violations of pretrial release conditions . . . and recommend appropriate modifications of release conditions." This section highlights Congress's intent to vest wide discretion in Pre-Trial Services to supervise the pre-trial release of criminal defendants.

Policy favors allowing Pre-Trial Services to initiate this type of proceeding. Common sense dictates that the agency charged with supervising those released is in the best position to decide whether the court should be aware of a violation. Moreover, before a decision is reached by the court, the U.S. Attorney acts as the advocate for the government. In the instant case, the United States Attorney filed, on September 8, 2005, the Government's Response and Motion to Revoke (document No. 59). Given this fact, it makes little difference whether the proceedings were *initiated* by Pre-Trial Services or the U.S. Attorney's Office. This judgment is reflected in the continued practice here and in other districts of allowing Pre-Trial Services to initiate these proceedings.

**SIGNED** at Houston, Texas, this 12th day of September, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE